NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> PAULINE HUNTER, AKA Pauline Clay, <br><br> Defendant-Appellant. | No. 18-55297 <br><br> D.C. No. 2:18-cr-00082-JAK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted September 10, 2019
Pasadena, California

Before: WARDLAW, BENNETT, and MILLER, Circuit Judges.

Pauline Clay Hunter appeals from the district court's order remanding for lack of jurisdiction her criminal case to the Los Angeles County Superior Court. We have jurisdiction under 28 U.S.C. § 1447(d), and review a decision to remand de novo, *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1098 (9th Cir. 2018). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hunter was charged in state court with six counts of perjury for applying for false driver's licenses. She contends her role as guardian ad litem for her minor grandchildren in a separate federal civil suit qualifies her to invoke the federal officer removal statute, 28 U.S.C. § 1442. We need not consider whether a guardian ad litem could ever be deemed an "officer of the court" within the meaning of the statute. Even if Hunter was an officer or was acting under an officer, removal is warranted only if there is "a nexus" between the criminal charges against Hunter and the actions she took relating to her role as guardian ad litem. *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). To demonstrate a nexus, Hunter argues first that the criminal complaint against her encompasses the time period when she was actively serving as guardian ad litem. Yet Hunter obtained five of her six false licenses before March 31, 2014, the date she was appointed guardian ad litem. Second, Hunter argues that, in her capacity as guardian ad litem, she was required to maintain state-issued identification. However, Hunter's role as guardian ad litem required her to maintain valid, not invalid, identification. Because there is no nexus between Hunter's duties or actions as guardian ad litem and the criminal charges against her, her case is not properly removable under § 1442. The district court correctly remanded the case to the state court because it lacked jurisdiction.

**AFFIRMED**